IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:14-cr-00644-DCN-1 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RAFAEL LOPEZ HOOKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Rafael Lopez Hooks's ("Hooks") motion to suppress. For the reasons set forth below, the court denies Hooks's motion.

## I. BACKGROUND

On October 31, 2013, Agent B. Marlow ("Marlow"), a deputy with the Georgetown County Sheriff's Office, prepared a search warrant application for Hooks's residence. In an affidavit submitted with the warrant application, Marlow stated:

> I am a Deputy with the Georgetown Sheriffs Office currently assigned to the 15th Circuit Drug Enforcement Unit. I have been certified in the State of South Carolina as a police officer for twenty years. I have received training in many facets of law enforcement to include narcotics investigations. I have been involved with and completed numerous investigations specifically involving narcotics distribution.
>
> Between October 24, 2013 and October 31, 2013 agents from the 15th Circuit DEU documented a drug transaction between a confidential informant and an occupant within the premises to be searched. As a result of the documented drug transaction, agents recovered the controlled substance and it field tested positively as being crack cocaine base.
>
> The subject involved in the drug transaction is known to be a regular occupant of the residence. Based on the above stated facts there is probable cause to believe that residence above contains controlled substances being illegally sold, official police funds, and/or items and instrumentalities used for the unlawful distribution and/or use of controlled substances/drugs.

Gov't's Resp. Ex. 1.

During an October 31, 2013 search of Hooks's residence pursuant to the warrant, officers found two firearms, ammunition, scales, a small baggie of crack cocaine, and marijuana. On September 10, 2014, Hooks was indicted for three counts of possession with intent to distribute and distribution of cocaine base and one count of being a felon in possession of a firearm. On November 26, 2014, Hooks filed the instant motion to suppress. The government responded on November 18, 2014. This matter has been fully briefed and is ripe for the court's review.

## II.   DISCUSSION

Hooks asserts that the search warrant issued was not supported by probable cause and that the seizure of evidence pursuant to that search warrant is not saved by the good faith exception. Def.'s Mot. 1.

The Fourth Amendment provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

The task of a judicial officer evaluating a request for a search warrant is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him[,] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); see Ornelas v. United States, 517 U.S. 690, 696 (1996) (holding that probable cause exists where, given the totality of the circumstances, "the known facts and circumstances

are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found" in the place to be searched).  A reviewing court's duty is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. at 238–39 (internal quotation marks and alterations omitted).  Because "[r]easonable minds frequently may differ on the question whether a particular affidavit establishes probable cause," the Supreme Court has instructed that courts should accord a magistrate judge's probably cause determination "great deference." United States v. Leon, 468 U.S. 897, 914 (1984).  However, such deference is not absolute, and reviewing courts must ensure that the issuing magistrate did "not serve merely as a rubber stamp for the police." Id. (citing Aguilar v. Texas, 378 U.S. 108, 111 (1964)).

Whether Marlow's affidavit provided the magistrate with a substantial basis for finding that probable cause existed to search Hooks's residence is a close question.  As an initial matter, the information supplied by Marlow within the four corners of his affidavit "leaves much to be desired." United States v. Perez, 393 F.3d 457, 462 (4th Cir. 2004).  The Fourth Circuit has upheld warrants to search suspects' residences "on the basis of (1) evidence of the suspects' involvement in drug trafficking combined with (2) the reasonable suspicion (whether explicitly articulated by the applying officer or implicitly arrived at by the magistrate judge) that drug traffickers store drug-related evidence in their homes." United States v. Williams, 548 F.3d 311, 319 (4th Cir. 2008) (collecting cases).  However, the cases cited in Williams all involve affidavits more detailed than the one at issue here.

In a case with an affidavit similar to Marlow's affidavit, a Michigan district court determined that the officer's affidavit was insufficient to show probable cause.  United

3

States v. Smith, 2004 WL 2216498, at *4 (E.D. Mich. May 28, 2004).  Based on the court's reasoning in Smith, the probable cause question here is a close one.  Therefore, the court will assume, without deciding, that Marlow's affidavit is insufficient to establish probable cause.  See United States v. Caraballo, 384 F. App'x 285, 289 (4th Cir. 2010) (exercising discretion to "proceed to the good faith exception without first deciding whether the warrant was supported by probable cause").

      Generally, when the police obtain evidence in violation of the Fourth Amendment, "the judicially developed exclusionary rule . . . precludes its use in a criminal proceeding against the victim of the illegal search and seizure."  Illinois v. Krull, 480 U.S. 340, 347 (1987).  However, under the good faith exception, "evidence obtained pursuant to a warrant which is ultimately held invalid need not be excluded as long as the warrant was issued by a detached and neutral magistrate and the executing officers' reliance on the warrant was objectively reasonable."  United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994) (citing Leon, 468 U.S. at 926).  In setting forth the good faith exception, the Supreme Court noted that "[s]earches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search."  Leon, 468 U.S. at 922 (internal quotation marks and citations omitted).  However, circumstances exist in which an officer could not manifest objective good faith in relying on a warrant, including when a warrant is "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  Id. at 923 (internal quotation marks and citation omitted).

As an initial matter, Marlow's affidavit is not what the Fourth Circuit has described as a "bare bones" affidavit—one that contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." United States v. Wilhelm, 80 F.3d 116, 121 (4th Cir. 1996) (citing United States v. Laury, 985 F.2d 1293, 1311 n.23 (5th Cir. 1993)). While a bare bones affidavit generally recites the conclusions of a confidential informant without corroboration or independent investigation of the facts alleged, United States v. Mihelich, 2008 WL 4866306, at *8–9 (N.D. W. Va. Nov. 10, 2008), Marlow's affidavit indicates at least some degree of investigation and corroboration. Officers in this case conducted a controlled purchase which turned out to be crack cocaine.

With regard to the good faith exception, the court again finds Smith instructive. Smith also involved a relatively brief affidavit which described a controlled purchase of drugs. 2004 WL 2216498, at *1. The court held that while a "single controlled sale which was set forth in the affidavit was not sufficient to establish probable cause," it did "at least show some nexus" between the property and narcotics activity and therefore "was not totally lacking in facts connecting the residence to the drugs which were purchased." Id. at *5. Because of that nexus, the court determined that the officers' reliance on the search warrant was objectively reasonable. Id. at *6; see also Williams, 548 F.3d at 321 (holding that even though affidavits contained "bare" assertions that the targeted dwellings were defendants' current residences, affidavits were not so lacking in indicia of probable cause as to render officers' behavior unreasonable). Here, a strong nexus between Hooks's property and drug activity exists because, according the affidavit, the controlled purchase took place inside the residence. See Gov't's Resp. Ex. 1.

Indeed, the nexus between the property and the narcotics is stronger here than it was in a case in which another court in this circuit found the search subject to the good faith exception.  See United States v. Castro, 2009 WL 1406404 (W.D. Va. May 19, 2009).  Castro involved a controlled purchase of drugs.  Id. at *1.  The affidavit indicated that after the purchase, the defendant left the purchase location and was followed to his home.  Id.  The court held that the good faith exception applied because the "affidavit establishe[d] a nexus between the controlled purchase and [the defendant's] residence."  Id. at *5.  Unlike in Castro, the controlled purchase here actually took place in the location to be searched.

Therefore, even if Marlow's affidavit did not provide a sufficient basis for providing probable cause, it was not so lacking in indicia of probable cause as to render official belief entirely unreasonable.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** defendant's motion to suppress.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 21, 2014**
**Charleston, South Carolina**